O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 2:19-cv-04951-DDP |
|---|---|
| Respondent, | ) **ORDER DENYING PETITIONER'S** |
| v. | ) **MOTION TO VACATE, SET ASIDE,** ) **OR CORRECT SENTENCE** ) **PURSUANT TO 28 U.S.C. § 2255** |
| JAMAR GREER, | ) |
| Petitioner. | ) [Dkt. 1] |

Presently before the court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. 1.) Having considered the parties submissions, the court adopts the following Order.

///

///

///

**I. BACKGROUND**

On August 15, 2008, Petitioner Jamar Dewayne Greer ("Petitioner") was convicted of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] (CR 341.) Prior to the conviction, the government filed a notice pursuant to 21 U.S.C. § 851, indicating that it would seek an enhanced sentence based on Petitioner's prior conviction in a California state court for one count of felony Possession of Marijuana for Sale in violation of California Health & Safety Code § 11359. (CR 308.) As the notice explained, the prior conviction was a felony drug offense that exposed Petitioner to enhanced punishment under 21 U.S.C. §§ 841, 846. (Id.) On March 2, 2009, this Court applied the enhancement, and sentenced Petitioner to 240 months' imprisonment and 10 years of supervised release. (CR 396.)

Petitioner timely appealed his conviction to the Ninth Circuit on March 9, 2009. (CR 401.) The Ninth Circuit affirmed Petitioner's conviction on March 4, 2011. (C.A. CR 51.) The court denied his petition for rehearing en banc on June 9, 2011. (C.A. CR 59.) On October 31, 2011, the Supreme Court denied Petitioner's petition for writ of certiorari. (C.A. CR 62.)

On November 8, 2016, the California electorate passed the Control, Regulate, and Tax Adult Use of Marijuana Act ("Proposition 64"), which reduced various drug offenses, from felonies to misdemeanors, including possessing marijuana for sale. Cal. Health & Safety Code § 11359. Proposition 64 also allowed individuals to apply for post-conviction relief to have the felony conviction dismissed or reclassified as a misdemeanor. See Cal. Health & Safety Code § 11361.8(e). If the application was granted, the conviction "shall be considered a misdemeanor … for all purposes." Id. §

---

[1] "CR" refers to the docket in the underlying criminal case, No. CR 06-0466-DDP, "C.V." refers to the docket for the criminal appeal, and "Dkt." refers to the docket in the underlying civil case, No. CV 19-04951-DDP.

2

11351.8(h).  On September 19, 2017, the state court granted Petitioner's motion to redesignate his previous state conviction as a misdemeanor.  (Dkt. 7-1, Ex. A.)

Based on the redesignation, Petitioner now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Specifically, Petitioner argues that his enhanced sentence "violates both statutory and constitutional requirements because the predicate prior upon which the sentence is based has been reduced from a felony to a misdemeanor 'for all purposes' under Proposition 64."  (Mot. at 12.)

## II. LEGAL STANDARD

Section 2255 allows federal prisoners to file motions to vacate, set aside, or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

## III. DISCUSSION

A.  Timeliness

A § 2255 motion to vacate, set aside or correct the sentence must be filed within one year from the latest of:

(1) The date on which the judgment of the conviction becomes final;
(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f).  The government contends that Petitioner's § 2255 motion is untimely because he filed the motion on June 6, 2019, "more than a year after his 2009 judgment of conviction and sentence became final" and "more than a year after his 2003 conviction was reclassified as a misdemeanor on September 19, 2017."  (Dkt. 6, Opp. at 8-9.)  Although the government is correct in concluding that Petitioner's motion is untimely under § 2255(f)(1), Petitioner has demonstrated that his motion is timely under § 2255(f)(4).

Under § 2255(f)(4), the clock begins to run "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Here, Petitioner claims he is entitled to relief because his enhancement is based on an underlying felony conviction that no longer exists.  Although the state court granted Petitioner's application to reclassify his prior conviction on September 19, 2017, the court did not issue a minute order reflecting its decision until June 6, 2018, and only after Petitioner wrote to the court, inquiring about the status of his application on June 3, 2018.  (Reply, Ex. A.)  It was not until June 11, 2018 that Petitioner actually learned about the status of his application.  (Id.)  Because Petitioner filed this motion on June 6, 2019— within one year of the date he discovered that his felony conviction had been reduced to a misdemeanor, Petitioner's motion is timely.

B.  Statutory Challenge

Petitioner contends that his enhanced sentence violates the plain language of 21 U.S.C. § 841(b)(1)(A) "because he no longer has a drug-related prior 'felony' conviction.  (Mot. at 12; Reply 5-6.)  In response, the government argues that Petitioner's claim is foreclosed by the Ninth Circuit's decision in United States v. Diaz, 838 F.3d 968 (9th Cir. 2016).  The court agrees that Diaz is applicable.

In Diaz, the court addressed whether Proposition 47, a statute that operates similarly to Proposition 64, required resentencing when the defendant received an

4

enhancement under § 841.  Id.  The defendant in Diaz was sentenced to life imprisonment based on two prior California felony convictions which qualified him for a mandatory minimum sentence enhancement under 21 U.S.C. § 841(b)(1)(A).  Id. at 971.  After the defendant was sentenced, California adopted Proposition 47, which allowed California courts to reclassify certain felony convictions as misdemeanor convictions.  Id.  The defendant successfully petitioned a California court to reclassify one of his prior California felonies, on which his federal enhancement was based, as a misdemeanor.  Id.  The defendant argued that "because he successfully petitioned in 2014 to have his 1996 conviction re-designated as a misdemeanor, that conviction no longer counts as a prior felony conviction for purposes of § 841."  Id. at 972.

The Ninth Circuit rejected this argument, reasoning that "[w]hen a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not generally apply those changes retroactively for purposes of determining whether a federal sentencing statute's requirements are met."  Id.  The court explained that the plain language of § 841 is "backward-looking."  Id. at 973.  In other words, "[t]he statute tells us what event triggers the enhancement": "[w]hen a defendant (1) commits a federal drug offense (2) after being convicted of two or more felony drug offenses that have 'become final.'"  Id. at 975.  Thus, "[e]ven where a state has fully eradicated a predicate state conviction by [ ] reclassifying it as a misdemeanor—as a matter of plain statutory meaning," the defendant still "committed his [federal] crime after a prior state felony conviction ha[d] become final."  Id. at 97 (internal quotations and alteration omitted).  Accordingly, the court held that "California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841."  Id. at 975.

Notably, the Ninth Circuit recognized that a state's later dismissal or expungement of a predicate state conviction could invalidate a federal enhancement if the dismissal or expungement "alters the legality of the original state conviction—such as

where there was a trial error or it appears the defendant was actually innocent of the underlying crime." 838 F.3d at 973. Here, however, Petitioner does not claim that Proposition 64 altered the legality of his prior conviction.

For the reasons stated in Diaz, the court rejects Petitioner's contention that the reclassification of his previous conviction entitles him to resentencing under § 841. Regardless of the effect Proposition 64 had on Petitioner' prior conviction under state law, Petitioner's reclassified conviction remains a felony for purposes of § 841. The court, therefore, declines to grant Petitioner's motion based on the plain language of § 841.

C.  Constitutional Challenge

Next, Petitioner contends that his sentence enhancement violates his Constitutional rights based on due process, the Eighth Amendment, and "principles of federalism" under the Tenth Amendment (Mot. at 16-27.) The court discusses each argument in turn.

With respect to due process, Petitioner argues that he "successfully attacked" his predicate state felony when the state court reclassified his prior felony conviction as a misdemeanor. He argues, therefore, that his prior felony drug conviction was invalid and he has a right to relief under Custis v. United States, 511 U.S. 485 (1994) and Johnson v. United States, 544 U.S. 295 (2005).

However, Custis and Johnson do not stand for the proposition Petitioner purports to establish. In Custis, the Supreme Court narrowly held that unless a defendant in a federal sentencing proceeding was claiming a violation of his right to counsel, he had no right at that time to make a collateral attack on prior state convictions. Id. at 813. The Court then stated in dicta:

> We recognize, however, as did the Court of Appeals … that Custis, who was still "in custody" for purposes of his state convictions at the time of his federal sentencing under § 924(e), may attack his state sentences in Maryland or through federal habeas review. See Maleng v. Cook, 490 U.S. 488, 109 S. Ct. 1923, 104 L.Ed.2d 540 (1989). *If Custis is successful in attacking these state*

6

*sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application.* In resolving the issue, the Court held that a "defendant has no such right (with the sole exception of convictions obtained in violation of the right to counsel) to collaterally attack prior convictions." Id. (emphasis added) (citations omitted).

In Johnson, the Court added that a defendant has a right to resentencing after a predicate offense has been vacated. 544 U.S. at 303.

Although Petitioner correctly states that Custis and Johnson acknowledge a right to resentencing after a predicate offense has been successfully attacked or vacated, Petitioner has not demonstrated that the reclassification of his prior conviction fits within either category. As these cases make clear, the right to resentencing is limited to situations where a defendant's predicate offense is later vacated or otherwise found to be invalid, typically either because the defendant has successfully advanced an actual innocence claim or because the conviction was obtained in violation of the defendant's Constitutional rights. It is only when the sentencing court relies on such a conviction that it makes an "assumption[] concerning [defendant's] criminal record" that was "materially untrue" or bases a sentence on "misinformation of constitutional magnitude." United States v. Tucker, 404 U.S. 443, 447 (1972) (internal quotation marks omitted).

Here, Petitioner does not advance that he was innocent of his prior state court conviction or that the conviction was tainted by legal error. Moreover, as discussed above, the effect Proposition 64 had on Petitioner's earlier conviction did not change the historical fact that Petitioner committed a federal offense for purposes of § 841. See Diaz, 838 F.3d at 975. Indeed, the sentencing court made no assumption about Petitioner's criminal record that was materially untrue or relied on misinformation of a constitutional nature. Tucker, 404 U.S. at 447. Thus, the court finds no violation of due process based on Petitioner's sentencing enhancement.

1   Petitioner also asserts that the enhancement violates the Eighth Amendment's
2   prohibition on cruel and unusual punishment.  The Ninth Circuit has said that it will not
3   overturn a sentencing decision on eighth amendment grounds "as long as the sentence
4   imposed upon the defendant does not exceed statutory limits[.]"  United v. Parker, 241
5   F.3d 1114, 1117 (9th Cir. 2001) (citing United States v. Zavala-Serra, 853 F.2d 1512, 15118
6   (9th Cir. 1988)).  As with Petitioner's due process claim, there is no question that
7   Petitioner committed a federal drug offense after his prior state court felony drug offense
8   had become final under § 841.  Moreover, even without considering Petitioner's prior
9   conviction, Petitioner's conviction of conspiracy coupled with the quantity of cocaine
10  involved meant that Petitioner was exposed to a statutory maximum term of life
11  imprisonment under § 841.  Petitioner, thus, has not demonstrated that his enhancement
12  exceeded the limits imposed by § 841.  Accordingly, the court finds no violation of the
13  Eighth Amendment.
14   Next, Petitioner contends that the enhancement violates "principles of federalism"
15  by "ignoring the wishes of the people of California in passing Proposition 64."  (Mot. at
16  15.)  Under the Tenth Amendment, an individual "can assert injury from governmental
17  action taken in excess of the authority that federalism defines."  Bond v. United States,
18  564 U.S. 211, 220 (2011).  However, Petitioner has not demonstrated that Congress lacked
19  constitutional authority to enact § 841.  Nor has Petitioner proffered any evidence or
20  authority to suggest that Congress intended to give retroactive effect to changes in state
21  law for purposes of § 841.  Diaz, 838 F.3d at 974.
22   Accordingly, the court declines to vacate Petitioner's sentence on constitutional
23  grounds.
24  ///
25  ///
26  ///
27  ///
28

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED.**

Dated:   September 2, 2022

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

9